UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| _____ )<br>MICHAEL MCNALLY, SR.;  )<br>NATALIE MCNALLY; and  )<br>MICHAEL MCNALLY, JR.  )<br> )<br>and  )<br> )<br>TARA DICHIARA; and  )<br>ZACHARY BOULEY  )<br> )<br>       Plaintiffs,  )<br> )<br>             vs.  )<br> )<br>2428392, Inc. d/b/a FYE, and  )<br>JAYSON JUTTNER,  )<br> )<br>       Defendants.  )<br>_____ ) | Case No.: _____<br>Jury Trial Demanded |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1.      This is a civil rights action brought by Plaintiffs Michael McNally, Jr. and Zachary Bouley (collectively, "Plaintiffs"), as well as their parent(s), to redress grievances for sexual harassment where Plaintiffs were forced to endure an insulting, humiliating work environment, and for being forced to suffer a termination of employment because Plaintiffs would not yield to their supervisor's sexual suggestions, innuendos, and predatory behavior.

### PARTIES

2.      At all times relevant herein, Plaintiff Michael McNally, Sr. resided at 78 Gray Street, Manchester, New Hampshire 03103.

3.     At all times relevant herein, Plaintiff Natalie McNally resided at 78 Gray Street, Manchester, New Hampshire 03103.

4.     At all times relevant herein, Plaintiff Michael McNally, Jr. resided with his parents at 78 Gray Street, Manchester, New Hampshire 03103.  He was a minor when the underlying conduct occurred, giving rise to claims for consequential damages for his parents, but has since turned of majority age.

5.     At all times relevant herein, Tara DiChiara resided at 335 Bartlett Street, Manchester, New Hampshire 03102.

6.     At all times relevant herein, Plaintiff Zachary Bouley resided with his mom at 335 Bartlett Street, Manchester, New Hampshire 03102. He was a minor when the underlying conduct occurred, giving rise to a claim for consequential damages for his mom, but has since turned of majority age.

7.     Defendant 2428392, Inc. d/b/a FYE (hereinafter "Defendant FYE") is a Delaware corporation with a corporate name of "2428392, Inc. d/b/a FYE" and a principal office located at 38 Corporate Circle, Albany, New York, 12203, duly registered to do business in New Hampshire with a Registered Agent listed as, Corporation Service Company located at 10 Ferry Street S313, Concord, New Hampshire 03301. Defendant FYE "is a leading specialty retailer of entertainment and pop culture merchandise stores in the United States and online at FYE.com." At all relevant times herein, Defendant FYE operated a store in the Mall of New Hampshire located in Manchester, New Hampshire 03103 (hereinafter "FYE" or "the FYE store").

8.     Upon information and belief, Defendant Jayson Juttner (hereinafter "Defendant

Juttner") at all times relevant herein resided at 1 Sheraton Drive, Hudson, New Hampshire 03051. At all times relevant herein, Defendant Juttner was the Store Manager at the FYE store located in the Mall of New Hampshire.

## JURISDICTION AND VENUE

9.      In July of 2021, Plaintiffs separately filed charges of sexual harassment and sexual discrimination against Defendants with the New Hampshire Commission for Human Rights ("NHCHR") and Equal Employment Opportunity Commission ("EEOC")—Docket Nos. 16D 2021-00189 and 16D-2021-00190. The NHCHR received and docketed the charges on July 16, 2021.

10.     On February 1, 2022—over 180 days after the filing of the charges with the NHCHR and EEOC—Plaintiffs notified the NHCHR of their intent to remove the cases and pursue them in court.

11.     The NHCHR dismissed Plaintiffs charges per their request on May 11, 2022.

12.     On May 20, 2022, the EEOC issued a Dismissal and Notice of Rights to both Plaintiffs, dismissing their charges and notifying them of their right to sue.

13.     Because 180 days have passed since the NHCHR and EEOC claims have been opened, and because both the NHCHR and EEOC have dismissed Plaintiffs' charges, this Court has jurisdiction under 42 U.S.C. § 2000e-5 and RSA 354-A:21-a over this action.

14.     This Court has personal jurisdiction over Defendant FYE, which conducts business in New Hampshire through its operation of a store in the Mall of New Hampshire, thereby causing its products to be marketed, distributed, sold, and used within the State of New Hampshire. Defendant FYE derives significant revenue from its activities and the sale of its products in the

State of New Hampshire. Defendant FYE reasonably anticipates being hailed into a New Hampshire court and has consented to the jurisdiction of this Court.

15.     This Court has jurisdiction to hear these claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4). Jurisdiction is also conferred under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") as a remedial statute.

16.     This Court's supplemental jurisdiction is invoked under 28 U.S.C. § 1367 because Plaintiffs also bring supplemental state claims under New Hampshire's "Law Against Discrimination," codified at RSA 354-A, and New Hampshire common law. Supplemental jurisdiction is appropriate because the state law claims arise from exactly the same facts as the federal claims.

17.     Venue is proper within this District because the events giving rise to this action happened in and are closely related to this District.

## JURY TRIAL DEMANDED

18.     Plaintiffs demand a trial by jury on each of the causes of action pleaded herein.

## FACTS AND ALLEGATIONS

19.     At all times relevant herein, Defendant Juttner was the Store Manager at the FYE store, where both Plaintiffs were employed as sales associates.

20.     In his capacity as Store Manager, Defendant Juttner was a direct supervisor of both Plaintiffs, had significant authority and discretion, was responsible for enforcing FYE's policies, and was in a position to take tangible employment actions against both Plaintiffs.

21.     The FYE store was at all times relevant herein owned and operated by Defendant FYE.

22.     Defendant FYE at all times relevant herein employed 15 or more people.

23.     Throughout the course of their employment with FYE, Plaintiffs were consistently subjected to repeated instances of severe, pervasive, and unwanted sexual harassment and sexual assault by Defendant Juttner, which created an intimidating, hostile, and offensive work environment for both Plaintiffs.  Defendant Juttner has been criminally convicted for his actions, but FYE has yet to face any accountability.

**Plaintiff McNally, Jr.**

24.     Plaintiff McNally, Jr. worked as a sales associate at the FYE store from April to May of 2021.

25.     Almost immediately after starting his employment with FYE, Plaintiff McNally, Jr. began receiving unwanted treatment from Defendant Juttner in the form of sexual comments directed at him, inappropriate touching, and several inappropriate requests for explicit photos of his genitals.

26.     Specifically, Defendant Juttner offered Plaintiff McNally, Jr. cash on multiple occasions in exchange for a photo of his genitals. These solicitations occurred at the FYE store, while both Defendant Juttner and Plaintiff McNally, Jr. were on the clock and carrying out their respective work duties.

27.     Defendant Juttner also touched Plaintiff McNally, Jr. inappropriately and without his consent on multiple occasions while working together at the FYE Store, including hugging him tightly and even slapping him on his backside at one point.

28.     Defendant Juttner's harassment was so severe and persistent that it drove Plaintiff McNally, Jr. to breakdown and cry during a shift at FYE. In response to seeing Plaintiff McNally, Jr. clearly upset and disturbed, Defendant Juttner did not apologize or acknowledge the wrongfulness of his actions but, rather, told Plaintiff McNally, Jr. that he himself was sexually

abused as a child and therefore thought his conduct towards Plaintiff McNally, Jr. was okay.

29.     Defendant Juttner then went on to bribe Plaintiff McNally, Jr. into silence by giving him a free MLB 2021 game and telling him to "keep quiet" and not tell anyone about the incident.

30.     These incidents all occurred between April and May of 2021 while Plaintiff McNally, Jr. was employed at FYE, and were so persistent to the point that Defendant Juttner sexually harassed or assaulted Plaintiff McNally, Jr. in some form, either through comments or conduct, almost every time the two worked together.

31.     These unwanted contacts by Defendant Juttner made Plaintiff McNally, Jr. feel incredibly uncomfortable, intimidated, and violated, and had a severely negative and, ultimately, detrimental impact on his work environment and workplace experience.

32.     Following the procedure identified in FYE's employee handbook, Plaintiff McNally, Jr. called the tip hotline on two separate occasions to report Defendant Juttner's sexual harassment and inappropriate conduct.

33.     Defendant FYE failed to respond to Plaintiff McNally, Jr.'s complaints, failed to investigate Defendant Juttner's conduct, and failed to take any corrective action whatsoever to prevent Defendant Juttner's sexual harassment and assault from reoccurring.

34.     As a result of Defendant Juttner's repeated sexual harassment and assault and Defendant FYE's inaction, Plaintiff McNally, Jr. was forced to leave his employment with FYE in order to escape Defendant Juttner's persistent harassment and assault.

**Plaintiff Bouley**

35.     Plaintiff Bouley worked as a sales associate at the FYE store from April to June of 2021.

36.     On the very first day of Plaintiff Bouley's employment, he began receiving

unwanted treatment from Defendant Juttner in the form of sexual comments directed at him, inappropriate touching, and unsolicited requests for explicit photos of his genitals.

37.    This unwanted and severely inappropriate behavior by Defendant Juttner continued throughout the course of Plaintiff Bouley's employment.

38.    On multiple occasions, Defendant Juttner sent Plaintiff Bouley messages via Snapchat offering Plaintiff Bouley money for explicit photos of his genitals.

39.    On a separate occasion, Defendant Juttner messaged Plaintiff Bouley on Snapchat offering him money to engage in sexual relations with himself and an unknown woman.

40.    Several of Defendant Juttner's requests for pictures of Plaintiff Bouley's genitals took place while the two were on the clock and working together at the FYE store, including requests made during work conversations, during one of Plaintiff Bouley's bathroom breaks, and while Plaintiff Bouley was watching work procedure videos shortly after starting his employment.

41.    On one specific occasion, Defendant Juttner offered Plaintiff Bouley $200.00 for a picture of his genitals while the two were on shift working at the FYE store.

42.    Despite Plaintiff Bouley's immediate and visible discomfort, Defendant Juttner proceeded to leave the FYE store, go outside, grab $200.00 cash from his vehicle, bring the cash back inside to the FYE store, and place the money in Plaintiff Bouley's hand with a second request for the explicit photo.

43.    Defendant Juttner also made several highly disturbing and inappropriate sexual comments to Plaintiff Bouley while working together in the FYE Store including, amongst others, asking Plaintiff Bouley to go into the bathroom with him to "expose himself" to him and stating "you almost penetrated me" while Plaintiff Bouley passed by him as he was bent over.

44.    In addition to these unwanted and severely inappropriate requests and sexual

7

comments, Defendant Juttner also touched Plaintiff Bouley unwantedly and inappropriately on several occasions while on shift working at the FYE store in the form of unwanted and tight hugging and lifting Plaintiff Bouley's shirt without consent.

45.     Defendant Juttner's misconduct became so persistent that he sexually harassed Plaintiff Bouley in some form nearly every time they worked at the FYE store together.

46.     These unwanted contacts by Defendant Juttner made Plaintiff Bouley feel incredibly uncomfortable, intimidated, and violated, and had a severely negative and, ultimately, detrimental impact on his work environment and workplace experience.

47.     Unfortunately, Plaintiff Bouley knew that reporting Defendant Juttner's misconduct to Defendant FYE would be futile because he witnessed firsthand Plaintiff McNally, Jr.'s complaints go completely ignored and unaddressed.

48.     Not only did Defendant FYE's failures with respect to Plaintiff McNally, Jr.'s complaints deter Plaintiff Bouley from reporting his own sexual harassment at the hands of Defendant Juttner, but Plaintiff Bouley was also in fear of losing his first job and, more significantly, in fear of Defendant Juttner and what he might do if he learned of Plaintiff Bouley's complaints.  It is completely understandable why Plaintiff Bouley, under these circumstances, did not report Defendant Juttner's conduct.

49.     Even so, Defendant FYE had actual knowledge of Defendant Juttner's inappropriate and harassing conduct with respect to Plaintiff McNally, Jr., and therefore knew or should have known that Plaintiff Bouley, a similarly situated minor employee, was also a likely target of Defendant Juttner's misconduct.

50.     Nonetheless, Defendant FYE failed to investigate Defendant Juttner's misconduct and failed to take any corrective action whatsoever to prevent Defendant Juttner's sexual

harassment and assault from reoccurring.

51.     As a result of Defendant Juttner's repeated sexual harassment and assault and Defendant FYE's inaction, Plaintiff Bouley, like Plaintiff McNally, Jr., was left with no choice but to leave his employment with FYE in order to protect himself from further victimization.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF 42 U.S.C. § 2000e-2**
**AGAINST DEFENDANT FYE**

52.     Plaintiffs re-allege and incorporate the facts contained in the above paragraphs as if fully set forth herein.

53.     Defendant Juttner, as Plaintiffs' direct supervisor, subjected Plaintiffs to a humiliating, intimidating, abusive, and debilitating work environment.

54.     Defendant FYE created said humiliating, intimidating, abusive, and debilitating work environment for Plaintiffs when it recklessly chose to hire Defendant Juttner, an adult man awaiting trial for child porn at the time, and subsequently place him in a supervisory position over minor boys, including Plaintiffs.

55.     Defendant FYE knew that the Store Manager would be in a position overseeing and working alongside minor sales associates at the time it hired Defendant Juttner.

56.     Defendant FYE also knew or reasonably should have known based on Defendant Juttner's criminal history and record, which were easily discoverable at the time, that he had a propensity to assault, solicit, and abuse minor boys.

57.     Defendant FYE thus knew or reasonably should have known that Defendant Juttner posed a serious threat to minors and therefore was unfit for the Sales Manager job.

58.     Nonetheless, Defendant FYE recklessly employed Defendant Juttner and placed him in a position where he had the opportunity to and did, in fact, harass, assault, and abuse the

Plaintiffs repeatedly.

59.     Defendant FYE then further perpetuated Plaintiffs' hostile work environment by failing to take prompt remedial measures to remedy the harassment once it learned or should have learned of Defendant Juttner's misconduct.

60.     At the very latest, Defendant FYE had actual knowledge of Defendant Juttner's sexually harassing and discriminatory conduct toward Plaintiff McNally, Jr. when Plaintiff McNally, Jr. reported Defendant Juttner's misconduct to Defendant FYE.

61.     Defendant FYE also knew or should have known about Defendant Juttner's sexual harassment of Plaintiff Bouley.

62.     Nonetheless, Defendant FYE failed to take any appropriate corrective action or any steps whatsoever to end and prevent further sexual harassment by Defendant Juttner.

63.     At all times relevant, Defendant FYE did not have in place an accessible and effective policy on sexual harassment and the reporting of such harassment.

64.     This is evidenced in the fact that, although Plaintiff McNally, Jr. made several attempts to report Defendant Juttner's misconduct by following the reporting guidelines of Defendant FYE, Plaintiff McNally, Jr.'s complaints went unheard and/or unaddressed.

65.     Based on the fact that Plaintiff McNally, Jr.'s complaints fell on deaf ears, Plaintiff Plaintiff Bouley knew that Defendant FYE's sexual harassment reporting policy was ineffective, and thus was not unreasonable in choosing not to go through with a futile process.

66.     During the times referenced herein, Plaintiffs were the subject of unwanted sexual advances by Defendant Juttner that were not only not remedied, but ignored altogether by Defendant FYE, thereby furthering an intimidating, hostile, and offensive working environment.

67.     By turning a blind eye to Defendant Juttner's misconduct and refusing to remedy

10

the hostile environment he created for Plaintiffs, Defendant FYE actively contributed to the violation of Plaintiffs' civil rights.

68.     Plaintiffs were exposed to having their immediate supervisor continually harass and violate them without any repercussions throughout the entirely of their employment with FYE.

69.     No corrective action was ever taken against Defendant Juttner for his misconduct throughout the course of Plaintiffs' employment.

70.     Defendants' actions and inactions created an atmosphere of hostility which has severely damaged Plaintiffs and caused them lasting mental and emotional distress.

71.     Moreover, Defendant Juttner's conduct was ongoing and pervasive as to constitute a "continuing violation" of the Plaintiffs' rights.

72.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiffs' physical and mental health and work performance, and so as to create an intimidating, hostile, and offensive working environment.

73.     Plaintiffs were repeatedly subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during their employment, which was perpetrated upon them by Defendant Juttner with the knowledge of Defendant FYE, and this conduct was based upon and directed at Plaintiffs by reason of their sex.

74.     Defendant Juttner's persistent sexual harassment imposed on Plaintiffs working conditions so intolerable that they were forced to leave their jobs at FYE, as any reasonably person would, in order to protect themselves from further harassment and assault.

75.     As a direct and proximate result of the harassing and hostile sexual environment perpetuated by Defendants, Plaintiffs suffered great physical, mental, and emotional anguish, embarrassment, and humiliation—all of which have created a continuing fear and mistrust of

employers, supervisors, and the workplace in general.

## SECOND CAUSE OF ACTION:
## <u>VIOLATION OF RSA 354-A</u>
## <u>AGAINST ALL DEFENDANTS</u>

76.     Plaintiffs re-allege and incorporate the facts contained in the above paragraphs as

if fully set forth herein.

77.     RSA 354-A:7, V provides:

> Harassment on the basis of sex constitutes unlawful sex
> discrimination. Unwelcome sexual advances, requests for
> sexual favors, and other verbal, non-verbal or physical
> conduct of a sexual nature constitutes sexual harassment
> when:
>
> . . .
>
> (c) Such conduct has the purpose or effect of unreasonably
> interfering with an individual's work performance or
> creating an intimidating, hostile, or offensive working
> environment.

78.     As stated above, Defendants either through deliberate action or inaction permitted

the destruction of Plaintiffs' ability to work by permitting a hostile work environment to exist.

79.     As previously stated, Defendant FYE not only perpetuated Plaintiffs' hostile work

environment, but created it in the first place when it chose to place Defendant Juttner, a criminal

with a known propensity for harassing, soliciting, assaulting, and abusing minors, in a supervisory

position over minor boys, including Plaintiffs.

80.     Further, the effect of not addressing Defendant Juttner's harassing behavior

unreasonably interfered with Plaintiffs' ability to perform their work at the FYE store.

81.     Defendant FYE further discriminated against Plaintiffs by turning a blind eye to

Defendant Juttner's unwanted sexual pursuit and harassment of Plaintiffs and failing to take any

corrective or remedial measures after being put on notice that Defendant Juttner was sexually

12

harassing them, which in light of the notice constitutes a willful or reckless disregard for Plaintiffs' rights.

82.     As such, Defendants' actions and inactions constitute an "Unlawful discriminatory Practice under RSA 354-A *et seq*.

83.     As a direct and proximate result of the harassing and hostile sexual environment perpetuated by Defendants, Plaintiffs suffered great physical, mental, and emotional anguish, embarrassment, and humiliation—all of which have created a continuing fear and mistrust of employers and the workplace in general.

### THIRD CAUSE OF ACTION:
### NEGLIENT HIRING AND RETENTION STATE LAW CLAIM
### AGAINST DEFENDANT FYE

84.     Plaintiffs re-allege and incorporate the facts contained in the above paragraphs as if fully set forth herein.

85.     Defendant FYE had a duty to use reasonable care when hiring and retaining a Store Manager for the FYE store.

86.     Defendant FYE had a duty to refrain from placing a person with known propensities, or propensities which should have been discovered by a reasonable investigation, in an employment position in which, because of the circumstances, it should have been foreseeable that the hired individual posed a threat of injury to other employees.

87.     Defendant FYE knew that the Store Manager would be in a position overseeing and working alongside minor sales associates.

88.     Thus, in this case specifically, Defendant FYE had a duty not to hire or retain an individual that it knew or should have known had a propensity for sexually abusing, harassing, and/or exploiting minors because it was completely foreseeable that said individual would act in

13

accordance with those known propensities while working alongside minor employees.

89.     Defendant FYE breached this duty when it negligently hired and retained Defendant Juttner, who it knew or should have known was unfit for the Store Manager position due to his deeply concerning history of exploitive and abusive misconduct involving minors, and in doing so created a danger of harm to all employees working at the FYE Store but especially Plaintiffs and other minor employees.

90.      Any reasonable and careful employer in FYE's position would have discovered Defendant Juttner's concerning criminal history and propensity for harming minors.

91.     By the time Defendant Juttner was hired by Defendant FYE for the Store Manager position, he had already built up an extensive and disturbing criminal history, dating back to at least 2002.

92.     In March of 2002, Defendant Juttner was charged with burglary and arson after setting a neighbor's house on fire. Defendant Juttner received a plea deal in the arson case.

93.     Two years later in March of 2004, Defendant Juttner was accused of attempted Murder after slashing the throat of a teenager.

94.     In December of 2019, Defendant Juttner was arrested on manufacture of child sexual abuse images, possession of child sexual abuse images, endangering the welfare of a child or incompetent, and prostitution charges in Merrimack, NH. This case was pending when he was hired by FYE and is still ongoing in Hillsborough County Superior Court – South.

95.     These three separates and deeply concerning instances were all easily discoverable had Defendant FYE just performed a simple Google search of Defendant Juttner's first and last name.

96.     Even the most basic screening of Defendant Juttner, as a new hire candidate, would

14

have alerted Defendant FYE to his deeply troubling criminal history.

97.     At the very least, Defendant FYE should have conducted a criminal record search and sex offender search, which would have revealed that Defendant Juttner had an open case involving various child sexual abuse charges.

98.     Defendant FYE either failed to conduct even the most basic of candidate screenings, or performed a screening of Defendant Juttner and still decided to hire him.

99.     In either event, Defendant FYE was careless and reckless in hiring and retaining Defendant Juttner for the Store Manager position despite his extensive and disturbing criminal history, particularly with respect to misconduct involving minors, which was easily discoverable and available to it at the time of hiring.

100.    Defendant FYE failed to exercise due care and caution in its hiring practices and, in particular, in hiring Defendant Juttner who had an easily discoverable criminal history and propensity for sexually harming minors both physically and emotionally.

101.    Defendant FYE's breach was the direct and proximate cause of Plaintiffs' physical, mental, and emotional harm suffered as a result of Defendant Juttner's conduct.

102.    Indeed, Plaintiffs' injuries would not have occurred but for Defendant FYE's negligent hiring and retention of Defendant Juttner, as it was Defendant FYE who brought into contact and association with Plaintiffs a person who it knew or should have known was peculiarly likely to commit intentional misconduct against the Plaintiffs and other minor employees.

**FOURTH CAUSE OF ACTION:**
**CONSTRUCTIVE DISCHARGE CLAIM**
**UNDER BOTH FEDERAL LAW AND STATE COMMON LAW**
**AGAINST DEFENDANT FYE**

103.    Plaintiffs re-allege and incorporate the facts contained in the above paragraphs as if fully set forth herein.

104.    At all times relevant herein, it was the duty of Defendant FYE to provide Plaintiffs

with working conditions which were not so difficult and intolerable that a reasonable employee,

situated as Plaintiffs were, would feel forced to resign or be otherwise rendered unable to engage

in the employment.

105.    Defendant FYE breached its duty by allowing Defendant Juttner's severe and

pervasive sexual harassment of Plaintiffs to continue, thereby creating and perpetuating a hostile

work environment.

106.    As a result of the pervasive and hostile working environment perpetuated by

Defendants, Plaintiffs working conditions became so intolerable that they were forced to leave

their positions at FYE, as any other reasonable person under the circumstances would have done,

in order to protect themselves from further harassment and assault from Defendant Juttner.

107.    Courts have routinely applied the same standard to constructive discharge

claims brought under federal law (Title VII) and state law, so Plaintiff combines them together as

one cause of action here for simplicity.

### FIFTH CAUSE OF ACTION:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS

108.    Plaintiffs re-allege and incorporate the facts contained in the above paragraphs as

if fully set forth herein.

109.    Defendants had a duty to Plaintiffs to refrain from negligently engaging in conduct

that each of them knew or should have known would cause emotional distress to Plaintiffs.

110.    Defendant Juttner knowingly, recklessly, or, at the very least, negligently, engaged

in physically, mentally, and emotionally abusive conduct toward Plaintiffs including, but not

limited to, making inappropriate sexual comments to Plaintiffs, soliciting photos of the Plaintiffs'

genitals, and touching Plaintiffs' inappropriately, all on several occasions and while working alongside Plaintiffs as their supervisor at the FYE Store.

111.    Defendant FYE engaged in a negligent course of conduct that included, but is not limited to:

        a.    The negligent handling of Defendant Juttner's assault on Plaintiffs;

        b.    Failing to properly investigate Defendant Juttner's sexual harassment and assault of Plaintiffs;

        c.    Failing to properly reprimand Defendant Juttner for his harassment and assault of Plaintiffs;

        d.    Continuing failure to train and monitor its supervisors, including Defendant Juttner, with respect to the issue of sexual harassment of employees;

        e.    Failing to properly protect Plaintiffs from further harassment and assault;

        f.    Failing to provide a safe working environment to all of its employees including, but not limited to, Plaintiffs; and

        g.    Allowing continued sexual harassment and assault of Plaintiffs by Defendant Juttner.

112.    By the various acts of Defendants as described herein, Defendants unreasonably subjected Plaintiffs to a foreseeable risk of serious mental and emotional harm—specifically, the emotional harm likely to result from being repeatedly sexually assaulted and harassed.

113.    As a direct and proximate result of Defendants' negligence, Plaintiffs were physically and emotionally harassed, assaulted, abused, and damaged, and have suffered a deterioration of their physical and mental well-being.

114.    Specifically, as a direct and proximate result of the acts of Defendants, Plaintiffs

have suffered and continue to experience severe suffering, emotional distress, anxiety,

sleeplessness, humiliation, and other loses.

115.    Due to Defendants' actions and the aggravating circumstances, Plaintiffs

are entitled to enhanced compensatory damages.

116.    Further, to the extent that Defendants' acts were intentional and done in bad faith,

Plaintiffs are entitled to attorneys' fees and costs.

**SIXTH CAUSE OF ACTION:**
**ASSAULT AND BATTERY**
**AGAINST DEFENDANT JUTTNER**

117.    Plaintiffs re-allege and incorporate the facts contained in the above paragraphs as

if fully set forth herein.

118.    As described above, Plaintiffs were subjected to unwelcome and offensive touching

by Defendant Juttner.

119.    As a result of this unwanted and offensive touching, Plaintiffs were forced to endure

a degrading, demeaning, and hostile work environment.

120.    Throughout the course of their employment at FYE, Plaintiffs were in daily fear of

further harmful and offensive touching by Defendant Juttner.

121.    As a result of Defendant Juttner's unwelcome and offensive touching, the Plaintiffs

have suffered egregious embarrassment, humiliation, emotional pain, mental anguish, emotional

distress, anxiety, and interference with their peace of mind, and their parents have suffered

consequential damages including for care and treatment of the Plaintiffs.

122.    The conduct herein was willful, wanton, malicious, recklessly indifferent,

or oppressive conduct on behalf of Defendant Juttner as an employee of Defendant FYE and a

person with authority over Plaintiffs in the employment relationship. Defendant FYE is vicariously

liable for Defendant Juttner's conduct. Defendant Juttner was the Plaintiffs' direct supervisor at the times that he engaged in sexually harassing behaviors against them.

123.    Plaintiffs seek compensatory and enhanced compensatory damages for the willful, wanton, malicious, recklessly indifferent, and oppressive behavior of Defendants.

**WHEREFORE,** the Plaintiffs demand the following relief jointly and severally against all of the defendants:

a.    Compensatory damages to Plaintiffs for past, present, and future damages, including but not limited to pain and suffering, physical, mental, and emotional anguish, fear and anxiety, and loss of enjoyment of life;

b.    Enhanced compensatory damages;

c.    Punitive damages;

d.    All ascertainable economic damages including loss of earning capacity, and medical treatment past, present, and future;

e.    Consequential damages as to the Plaintiffs' parent(s);

f.    The convening and impaneling of a jury to consider the merits of the claims herein;

g.    Costs, interest, and attorneys' fees; and

h.    Such further relief as this Court may deem proper and just.


Respectfully Submitted,

MICHAEL MCNALLY, SR.;
NATALIE MCNALLY; and
MICHAEL MCNALLY, JR.

and

TARA DICHIARA; and
ZACHARY BOULEY

By their attorneys,
SHAHEEN & GORDON, P.A.

Dated: July 19, 2022                    /s/ Anthony M. Carr
                                        Anthony M. Carr (NH Bar #267623)
                                        353 Central Ave., Suite 200
                                        P.O. Box 977
                                        Dover, NH 03821-0977
                                        (603) 749-5000
                                        acarr@shaheengordon.com